**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FORREST JOHNSON, and<br>RACHEL JOHNSON individually<br>and as next friend of Forrest Johnson | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| FIRST FINANCIAL ASSET<br>MANAGEMENT, INC., | )<br>)<br>) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1.  Plaintiffs Forrest Johnson and Rachel Johnson, individually and as next friend of Forrest Johnson, bring this action to secure redress from unlawful credit and collection practices engaged in by defendant First Financial Asset Management, Inc. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2.  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.  The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry

1

out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiffs within this District;

   b. Defendant transacts business within this District.

## PARTIES

6. Plaintiff Forrest Johnson is an individual who resides in the Northern District of Illinois.

7. Plaintiff Rachel Johnson is an individual who resides in the Northern District of Illinois.

8. Plaintiff Forrest Johnson is 92 years old. Rachel Johnson is responsible for conducting Forrest Johnson's personal affairs pursuant to a Power of Attorney. Any communications received by Forrest Johnson were also received and reviewed by Rachel Johnson as the person responsible for handling Forrest Johnson's personal affairs pursuant to a Power of Attorney.

9. Defendant First Financial Asset Management, Inc., also known as National Financial Systems, Inc., is a corporation with offices at 3222 Commerce Pl., Suite A, West Palm Beach, FL 33407.

10. Defendant First Financial Asset Management, Inc. operates a collection agency, using the mails and telephone system to collect alleged consumer debts originally owed (if at all) to others.

11. Defendant First Financial Asset Management, Inc. is a debt collector as

defined in the FDCPA.

12. Defendant First Financial Asset Management, Inc. is a collection agency subject to the ICAA.

## FACTS

13. Defendant has been attempting to collect from plaintiff Forrest Johnson an alleged debt incurred for personal, family or household purposes and not for business purposes.

14. Plaintiff Forrest Johnson has received a large number of messages on his telephone voicemail from defendant which did not identify defendant or the debt collection purpose of the call. The voicemails were also received and reviewed by Rachel Johnson as the person responsible for handling Forrest Johnson's personal affairs pursuant to a Power of Attorney.

15. With one exception, the messages were substantially identical and were as follows:

> Hi, this is Sara Miller. I have an important matter to discuss with Forrest Johnson. This is not a sales call. Please press the "9" key to speak with me now or give me a call back at 561 689-9494. Again my name is Sara Miller and I have an important matter to discuss with Forrest Johnson. This is not a sales call. My phone number one more time is 561 689-9494. I'll be waiting to hear from you. Thanks.

In some cases the caller used the name Robert Smith, but the message was otherwise identical.

16. Plaintiffs received such messages on at least the following dates: September 22, 2010, October 4, 2010, October 5, 2010, October 7, 2010, October 13, 2010, October 21, 2010, October 22, 2010, October 25, 2010, November 5, 2010, November 8, 2010, November 11, 2010, November 19, 2010, and December 15, 2010. Sometimes messages were left twice a day.

17. Also, on October 23, 2010, plaintiffs received a message which stated:

> ... Thank you. Hello, this is a message for Forrest Johnson. This is not a sales or marketing call. To retrieve your message, press the "9" key now, or call us back at 866 698-2137. Thank you.

18. The numbers 866-698-2137 and 561-689-9494 are assigned to defendant.

19. The calls did not identify the company calling or state that the calls were for debt collection purposes.

20. On information and belief, defendant has a standard policy and practice of leaving telephone messages that do not identify the company calling or state that the call is for collection purposes.

21. Plaintiffs were harassed and annoyed by defendant's anonymous messages.

## COUNT I – FDCPA

22. Plaintiffs incorporate paragraphs 1-21.

23. Defendant's telephone messages violated 15 U.S.C. §§1692e and 1692e(11), as well as 15 U.S.C. §1692d(6).

24. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Ramirez v. Apex Financial Mgmt., LLC,* 567 F.Supp.2d 1035 (N.D.Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006); *Leyse v. Corporation Collection Servs.*, 03 Civ. 8491, 2006 U.S.Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006).

25. The telephone messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e and 1692e(11) because:

   a. The messages do not contain the warning required by 15 U.S.C. §1692e(11).

   b. The messages did not identify defendant. See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591, 593 (N.D.Ga. 1982); *Valencia v. Affiliated Group, Inc.,* 07-61381, 2008 U.S. Dist. LEXIS 73008 (S.D.Fla., Sept. 23, 2008).

26. 15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the

4

following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

    27. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

    **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant for:

    (1) Statutory and actual damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

28. Plaintiffs incorporate paragraphs 1-24.

29. Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use. . . .**

30. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiffs request that the Court grant the following relief in favor of plaintiff sand against defendant for:

    (4) Compensatory, nominal and punitive damages, as

          appropriate.

(5)    Costs.

(6)    Such other and further relief as is appropriate.


          /s/ Daniel A. Edelman
          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                             /s/ Daniel A. Edelman
                                             Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)